UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM B. KELSEY,

                              Plaintiff,

     -vs-                          **Civil Action No. 18-CV-06099**

FORSTER & GARBUS, LLP

                              Defendant.
_____


# DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS


                                               Glenn M. Fjermedal, Esq.
                                               Davidson Fink, LLP
                                               28 East Main Street, Suite 1700
                                               Rochester, New York 14614
                                               Telephone: (585) 546-6448

                                               *Attorneys for Defendant*
                                               *Forster & Garbus, LLP*

## PRELIMINARY STATEMENT

Defendant Forster & Garbus, LLP ("F&G") submits this reply memorandum of law in support of its motion for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) and (c). The Complaint and attached documents fail to state a claim upon which relief can be granted under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Plaintiff's sole claim is that Defendant F&G filed a false affirmation of Joel D. Leiderman dated July 7, 2017 seeking a default judgment in the state court case titled *Navient Credit Finance Corporation v. William B. Kelsey,* 17-43794 (Orleans Cty. Ct. 2017) (the "State Court Action") which stated that "the time of defendants (Mr. Kelsey) to appear or answer had expired and the defendant (Mr. Kelsey) have not appeared or answered." (Complaint ¶ ¶ 17-22). Plaintiff contends that this statement is false by claiming that his pro se client answered and informally appeared in the action. (Complaint ¶ 23). F&G insists that this statement is patently true based upon pro se Plaintiff's admitted failure to comply with CPLR 2103(b) by failing to serve the Answer upon F&G. Second, Mr. Kelsey did not appear in the State Court Action as defined by CPLR 320(a). Moreover, pro se Plaintiff's assertions of an "informal appearance" are not compelling under existing New York case law authority. Accordingly, Mr. Leiderman's Affidavit remains truthful as a matter of law.

## ARGUMENT

**I.  PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.**

    **A.  MR. KELSEY DID NOT ANSWER THE PLEADINGS IN THE STATE COURT ACTION.**

Plaintiff's counsel contends that his pro se client's service of the answer upon the wrong party, Navient Credit Finance Corporation ("Navient"), nonetheless constitutes his filing of an answer. The

Plaintiff, however, offers no case law for this bald proposition. More importantly, Plaintiff completely ignores CPLR 2103(b). CPLR 2103(b) explicitly mandates that the service of interlocutory papers (such as an answer) "shall" be made on the attorney of record for a party. It follows from this mandatory language of CPLR 2103(b) that it generally is not proper to serve interlocutory papers directly upon a party who is represented by an attorney. The six (6) numbered subparagraphs of CPLR 2103(b) provide alternative methods to serve a party's attorney through personal delivery or mailing to the attorney or law office. It is clear from the pleadings in this action that Mr. Kelsey failed to serve the answer upon Forster & Garbus, LLP which was explicitly identified in his state court pleadings. Plaintiff expressly concedes that he filed an answer with the Court and mailed the same to Navient Credit Finance Corporation ("Navient") (Complaint ¶ 12). This is an admission that Mr. Kelsey did not affect service of the Answer upon F&G as required by CPLR 2103(b). The Affidavit of Joel Leiderman further reveals that F&G did not receive service of Plaintiff's Answer. (Leiderman Aff. ¶ ¶ 3-4). Moreover, there is no record on the Court's docket that William Kelsey filed an Affidavit of Service for service of the Answer upon F&G. Moreover, Plaintiff's assertions that Mr. Kelsey mailed the answer to Navient is suspect as reflected in the Affidavit of Mary Kay Mauer of Navient who attests that Navient never received a copy of Mr. Kelsey's Answer. (Mauer Aff. ¶¶7-8). The bottom line is that Mr. Kelsey was obligated to serve his Answer upon F&G which he failed to accomplish. As Mr. Kelsey did not "answer" the pleadings in accordance with CPLR 2103(b), Mr. Leiderman's attestation that Mr. Kelsey did not "answer" the Complaint is truthful and not violative of the FDPCA as a matter of law.

  **B. MR. KELSEY DID NOT APPEAR IN THE STATE COURT ACTION.**

Again, Plaintiff's counsel ignores the three (3) specified ways in which a defendant can "appear" in an action under CPLR 320(a): (1) service of an answer; (2) making a motion which has the effect of

extending the time to answer; and (3) serving a notice of appearance. It is undisputed that Mr. Kelsey did not properly serve an answer on F&G, as Navient's counsel of record, as discussed at greater length in Point I. A. above. Second, Mr. Kelsey makes no affirmative pleadings that he moved to extend the time to answer or filed a notice of appearance in the action. Moreover, the State Court's docket does not reflect any of the above. As such, Plaintiff did not appear in the State Court Action as contemplated in CPLR 320(a). Accordingly, Joel Leiderman's Affirmation that Mr. Kelsey did not "appear" in the action was truthful and Mr. Kelsey fails to state a claim under the FDCPA.

### C. MR. KELSEY CANNOT ESTABLISH AN INFORMAL APPEARANCE IN THE STATE COURT ACTION.

Plaintiff desperately tries to rely upon the doctrine of "informal appearance" to circumvent the dictates of CPLR 320(a) in a futile attempt to superimpose FDCPA liability upon F&G. A defendant whose participation in an action reaches a certain level of activity may be held to have "appeared informally" even though the defendant has not interposed any of the three (3) responses to CPLR 320(a) discussed in Point I.B. above. Instances of "informal appearance" involve <u>significant involvement</u> in litigation such as where a defendant participated in the following manner: (1) *Rubino v. City of New York*. 145 A.D. 2d 285, 538 N.Y.S. 2d. 547 (1st Dept. 1989) (trial on the merits); (2) *Rose Ocko Found v. Lebovitz* 259 A.D. 2d 685, 690, 696 N.Y.S. 2d. 861 (2d Dept. 1999) (completion of discovery on the merits); and (3) *USF&G v Maggiore*, 299 A.D. 2d 341 (2d Dept. 2002) (participate in interpleader action).

Plaintiff offers no instances of such significant participation. Rather, Plaintiff cites to his filing of an Answer with the Court which was not properly served upon F&G. Further, Plaintiff cites to two (2) lower court cases where a letter constituted an appearance when the "respondent clearly indicated a desire to participate in a proceeding without jurisdiction objection". *Matter of Hauger v. Hauger* 275 A.D. 2d 953, 954, 713 N.Y.S. 2d 425 (4th Dept. 2000) and *Cohen v. Ryan*,

34 A.D. 2d 789, 790, 311 N.Y.S. 2d 644 (2d. Dept. 1970). However, Plaintiff also acknowledged a contrary Court of Appeals decision of *Matter of Goods, Chattels & Credits of Kimball*, 155 N.Y. 62, 69-71 (1898) (substantive letter deemed not an appearance) and *Agway, Inc. v. Curtis,* 195 A.D. 2d 1077, 601 N.Y.S. 2d 735 (4th Dept. 1993) (letters requesting itemized statement of account, not an appearance). In the first instance, these cases address letters filed with a specific intent to waive jurisdictional objections which is not the case here. Moreover, the above-cited Court of Appeals decision appears to trump the lower court cases in favor of F&G's position of Plaintiff's "no appearance" in the State Court Action.

Plaintiff also fails to identify any cases where a party was held to have informally appeared by filing an answer without serving counsel for the adverse party. Mr. Kelsey also ignores that a majority of New York Courts reject the application of an "informal appearance" doctrine. See, *Glendon v. Glendon,* 45 Misc. 2d 855, 258 N.Y.S. 2d 443 (2d Dept. 1964) (defendant's demand for complaint on a form denoted as an "appearance" did not of itself constitute appearance and did not prevent defendant from subsequently moving to dismiss); *Mittelman v. Mittelman*, 45 Misc. 2d. 86 (NY 1965) (since defendant was authorized to serve a notice of deposition before service of a responsive pleading was required, such service of itself does not constitute an appearance); *Agway, Inc. v. Curtis* 195 A.D. 2d 1077, 601 N.Y.S. 2d 735 (4th Dept. 1993) (even if defendant, after he was served with plaintiff's summons with notice, sent letters to plaintiff's attorney requesting itemized statement of his account, such letters were insufficient to constitute an informal appearance).

Mr. Kelsey contends that he informally appeared in the action by filing his Answer with the Court and thereafter serving Navient. This is not sufficient to constitute an "informal appearance". Even if it were to be considered an "informal appearance", is it an informal

appearance to which Mr. Leiderman would have had no knowledge of. Moreover, Mr. Leiderman was technically accurate when he stated that Mr. Kelsey did not appear in the action as contemplated under CPLR 320(a). Mr. Leiderman could not attest or surmise as to any "informal" appearances as he would not have the capacity to do so. While Plaintiff's counsel complains that Mr. Leiderman should have examined the court's manual docket in Orleans County, there is no such obligation. Rather, the obligation is for any plaintiff, whether pro se or represented by counsel, to serve responsive pleadings upon opposing counsel. This was undisputedly <u>not</u> accomplished. To hold F&G liable under the FDCPA for Plaintiff's alleged "informal appearance" is nonsensical and contrary to the strict requirements of CPLR 320(a) to which Mr. Kelsey admitted his non-compliance.

## CONCLUSION

For the foregoing reasons, the Court should grant F&G's motion for judgment on the pleadings and dismiss the Complaint with prejudice.

Dated: April 19, 2018
      Rochester, New York

                                                               /s/ Glenn M. Fjermedal
                                                               Glenn M. Fjermedal, Esq.
                                                               DAVIDSON FINK LLP
                                                               28 East Main Street
                                                               Rochester, NY 14614
                                                               Tel: (585) 546-6448
                                                               gfjermedal@davidsonfink.com