UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WILLIAM B. KELSEY,

        Plaintiff,

v.

FORSTER & GARBUS, LLP,

        Defendant.
_____

**DECISION AND ORDER**

6:18-CV-06099 EAW

## INTRODUCTION

Plaintiff William B. Kelsey ("Plaintiff") commenced this action on February 1, 2018, alleging that defendant law firm Forster & Garbus, LLP ("Defendant") sought to collect a debt from Plaintiff in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). (Dkt. 1). Plaintiff claims that Defendant filed an attorney affirmation in an underlying state court action commenced against him that falsely asserted that he had failed to answer the summons and complaint or otherwise appear in that action. (*Id.* at 3-4).

Presently before the Court is Defendant's motion for judgment on the pleadings. (Dkt. 6). For the following reasons, Defendant's motion is granted, and Plaintiff's Complaint is dismissed.

## BACKGROUND

The following facts are drawn from Plaintiff's Complaint unless otherwise indicated and are assumed true for purposes of this motion. (Dkt. 1). Plaintiff alleges that on March

24, 2017, Defendant filed a lawsuit on behalf of Navient Credit Finance Corporation ("Navient") against Plaintiff in New York State Supreme Court, County of Orleans. (*Id.* at ¶ 10). Defendant served Plaintiff with a summons and complaint on May 22, 2017, and Plaintiff filed his answer "with the court and mailed the same to [Navient]." (*Id.* at ¶¶ 11-12). However, on August 15, 2017, Defendant filed an attorney affirmation with the state court, affirming that the time for Plaintiff "to appear or answer has expired" and that Plaintiff has "not appeared or answered." (*Id.* at ¶ 13; *see id.* at ¶ 14). As a result, Defendant "obtained a default judgment against Plaintiff." (*Id.* at ¶ 14).

On or about November 2, 2017, Plaintiff filed an order to show cause with the state court to vacate the default judgment rendered against him. (*See* Dkt. 6-4 at 14-17 (state court filings)). On or about November 17, 2017, a state court judge set a return date on the motion for December 15, 2017. (*Id.* at 16). By attorney affirmation, dated December 11, 2017, Defendant consented to the vacatur of the default judgment and agreed to accept the answer filed with the state court. (*Id.* at 18-19). The default judgment has since been vacated. (Dkt. 8 at 3 (Plaintiff's response papers)).

## PROCEDURAL HISTORY

On February 1, 2018, Plaintiff commenced this action against Defendant alleging that the attorney affirmation filed in state court falsely represented that Plaintiff failed to answer the summons and complaint and had not otherwise appeared in the state action. (Dkt. at 3-4). Plaintiff alleges that he "both appeared and answered by filing the answer with the court and serving it on [Navient]." (*Id.* at ¶ 21). Plaintiff claims that by filing this false affirmation in state court, Defendant violated § 1692e of the FDCPA. (*Id.* at ¶ 23).

On March 15, 2018, Defendant filed a motion for judgment on the pleadings, seeking dismissal of this action. (Dkt. 6). Defendant argues that Plaintiff did not comply with state court procedures in answering the summons and complaint, and thus, Plaintiff failed to properly appear in the state action. (Dkt. 6-1 at 3-4). Defendant also contends that Plaintiff's attempts to serve his answer did not constitute an "informal appearance" in that action, and even if they did, Defendant's affirmation was "technically accurate" because Plaintiff "did not appear in the [state court] action as contemplated under CPLR 320(a)." (*Id.* at 5-6). Plaintiff opposes Defendant's motion. (Dkt. 8).

## DISCUSSION

I. **Defendant's Motion for Judgment on the Pleadings is Granted**

   A. **Legal Standard**

"Judgment on the pleadings may be granted under Rule 12(c) where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings." *McAuliffe v. Barnhart*, 571 F. Supp. 2d 400, 402 (W.D.N.Y. 2008). "In deciding a Rule 12(c) motion for judgment on the pleadings, the court should 'apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party.'" *Aboushama v. EMF Corp.*, 214 F. Supp. 3d 202, 205 (W.D.N.Y. 2016) (quoting *Mantena v. Johnson*, 809 F.3d 721, 727-28 (2d Cir. 2015)).

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the

complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). To withstand dismissal, a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). "To state a plausible claim, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).

### B. General Principles to Consider when Applying the FDCPA

"The Second Circuit has established two principles to assist courts in applying the [FDCPA]. First, 'because the FDCPA is primarily a consumer protection statute,' its terms must be construed liberally to achieve its congressional purpose." *Derosa v. CAC Fin. Corp.*, 278 F. Supp. 3d 555, 559 (E.D.N.Y. 2017) (quoting *Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016)), *aff'd*, 740 F. App'x 742 (2d Cir. 2018). "Congress enacted the FDCPA to 'eliminate abusive debt collection practices by debt collectors, to

insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.'" *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 134 (2d Cir. 2017) (quoting 15 U.S.C. § 1692(e)). "The second principle is that, in considering whether a collection notice violates Section 1692e, [courts in this Circuit] apply the 'least sophisticated consumer' standard." *Avila*, 817 F.3d at 75; *see Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) ("In this Circuit, the question of whether a communication complies with the FDCPA is determined from the perspective of the 'least sophisticated consumer.'" (quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993))); *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) (stating that the "least-sophisticated-consumer standard" is used to "effectuate" the FDCPA's laudable purpose of "protect[ing] consumers from deceptive or harassing actions taken by debt collectors").

"This hypothetical consumer is a 'naïve' and 'credulous' person," *Ceban v. Capital Mgmt. Servs., L.P.*, No. 17-CV-4554 (ARR) (CLP), 2018 WL 451637, at *2 (E.D.N.Y. Jan. 17, 2018) (quoting *Altman v. J.C. Christensen & Assocs., Inc.*, 786 F.3d 191, 193 (2d Cir. 2015)), who is absent "the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer," *Avila*, 817 F.3d at 75 (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996)). "However, she is 'neither irrational nor a dolt.'" *Ceban*, 2018 WL 451637, at *2 (quoting *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010)). As the Seventh Circuit has aptly explained, "[t]he 'unsophisticated consumer' isn't a dimwit. She may be uninformed, naive, [and] trusting,

but she has rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645 (7th Cir. 2009) (quotations and citations omitted); *accord Greco v. Trauner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2d Cir. 2005) ("We have observed . . . that in crafting a norm that protects the naive and the credulous the courts have carefully preserved the concept of reasonableness, and that some courts have held that even the least sophisticated consumer can be presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." (quotations and citations omitted)).

### C. Defendant's Attorney Affirmation Did Not Describe the Full Scope of Plaintiff's Participation in the State Action

The FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. This provision applies to "communications and practices that could mislead a putative-debtor as to the nature and legal status of the underlying debt, or that could impede a consumer's ability to respond to or dispute collection." *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012).

Defendant argues that the attorney affirmation filed in state court was "technically accurate" because Plaintiff "did not appear in the [state court] action as contemplated under CPLR 320(a)." (Dkt. 6-1 at 6). Defendant's contention is based upon its interpretation of CPLR 2103(b)(2). (*See id.* at 3-4). CPLR 2103(b) provides that "papers to be served upon a party in a pending action shall be served upon the party's attorney," *see Oneida Cty.*

*Dep't Of Soc. Servs. v. Hurd*, 295 A.D.2d 70, 72 (4th Dep't 2002) ("CPLR 2103(b) applies where . . . a party is represented by counsel."). It is undisputed that Plaintiff, then proceeding *pro se*, failed to serve his answer on Defendant, who was then litigating the state court action on behalf of Navient. (Dkt. 6-1 at 3-4; Dkt. 8 at 6, 10). However, Plaintiff alleges that, in attempting to effectuate proper service, he filed his answer with the state court and mailed his answer to Navient directly.[1] (Dkt. 1 at ¶ 12). Since CPLR 320(a) provides that a "defendant appears by *serving* an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer" (emphasis added), and because Plaintiff failed to comply with CPLR 2103(b)'s service rules, Defendant's assertion that Plaintiff failed to answer or otherwise appear in the action was, in Defendant's view, technically accurate (*see* Dkt. 6-1 at 3-6).

While it is apparent that Plaintiff failed to satisfy the requirements of CPLR 2103(b), such noncompliance does not necessarily mean that Plaintiff's attempt to answer was a nullity. New York courts have frequently found that a party's failure to comply with CPLR 2103 creates a mere "irregularity" in service, which may be readily disregarded in the

---

[1] Defendant has filed an affidavit disputing whether Navient ever received the answer (Dkt. 6-2), but "'[b]ecause a judgment on the pleadings focuses on the pleadings themselves, and not on matters outside of the pleadings such as affidavits,' the Court will not consider the affidavit at this juncture," *Air China Ltd. v. Nelson Li*, No. 07 Civ. 11128 (LTS)(DFE), 2009 WL 857611, at *6 (S.D.N.Y. Mar. 31, 2009) (quoting *Sears Petroleum & Transport Corp. v. Ice Ban Am., Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y. 2003)); *see Toto v. McMahan, Brafman, Morgan & Co.*, No. 93 CIV. 5894 (JFK), 1997 WL 458764, at *3 (S.D.N.Y. Aug. 11, 1997) ("For purposes of the motion for judgment on the pleadings, the Court has not considered the affidavit submitted by plaintiff Hecht because factual allegations contained in affidavits and memoranda are treated as matters outside the pleadings and cannot be considered in a motion of this type." (citing *Fonte v. Bd. of Managers of Cont'l Towers Condo.*, 848 F.2d 24, 25 (2d Cir. 1988)).

absence of any prejudice to the opposing party. *See, e.g., Neroni v. Follender*, 137 A.D.3d 1336, 1337 (3d Dep't 2016) ("Although CPLR 2103(a) requires service to be made by a person who is not a party to the action, a violation of this provision 'is a mere irregularity which does not vitiate service' where, as here, no resulting prejudice is shown."); *Jade Mfrs. Outlet, Inc. v. Transamerica Ins. Co.*, 237 A.D.2d 104, 104 (4th Dep't 1997) ("The motion court properly deemed defendant's failure to comply with the mailing requirements of CPLR 2103(b)(2) as an irregularity to be disregarded under CPLR 2001."); *Schodack Concerned Citizens v. Town Bd. of Town of Schodack*, 148 A.D.2d 130, 133 (3d Dep't 1989) ("[W]e reject the argument that the proceeding should have been dismissed because a party served the petition in violation of CPLR 2103(a). In our view, this violation is a mere irregularity which does not vitiate service."); *Rohany v. State*, 144 Misc. 2d 940, 953 (N.Y. Ct. Cl. 1989) ("[D]efects in service under CPLR 2103 are mere irregularities which may be disregarded in the absence of prejudice. Where, as here, interlocutory papers are actually received by the other party in a timely manner, there will seldom be reason to overturn the service."); *see also Barnaba-Hohm v. St. Joseph's Hosp. Health Ctr.*, 130 A.D.3d 1482, 1483 (4th Dep't 2015) ("A court has discretion to overlook late or defective service of a motion where the nonmoving party is not prejudiced, and we conclude that the hospital defendants' alleged failure to serve their initial moving papers on plaintiff's attorney 'was a mere irregularity that did not result in substantial prejudice' to plaintiff given that she was able to address the substance of the statute of limitations issue in her opposition papers." (citations omitted)); *Ruffin v. Lion Corp.*, 15 N.Y.3d 578, 582 (2010)

(holding that state courts may disregard technical defects in service pursuant to CPLR 2001 so long as no prejudice arises from the violation).

In fact, Defendant has offered no reason for this Court to infer that it was prejudiced as a result of Plaintiff's defective service. Accordingly, because Plaintiff's noncompliance with CPLR 2103(b) does not vitiate service without some additional showing of prejudice, Defendant's blanket assertion that Plaintiff failed to answer or otherwise appear in the state court action did not account for the nuances found in New York State's service rules and represented an incomplete depiction of Plaintiff's participation in the lawsuit up to that point in time.

The parties expend a significant portion of their arguments discussing whether Plaintiff "informally appeared" in the state court action. (Dkt. 6-1 at 5-6; Dkt. 8 at 7-10; Dkt. 11 at 4-6). New York courts have "recognized that a 'person who participates in the merits of an action appears informally and confers jurisdiction on the court.'" *USF&G v. Maggiore*, 299 A.D.2d 341, 342-43 (2d Dep't 2002) (quoting *Matter of Roslyn B. v. Alfred G.*, 222 A.D.2d 581, 582 (2d Dep't 1995)); *Sheinkman v. Khalif*, 5 Misc. 3d 1012(A), at *3 (N.Y. Civ. Ct., Kings Cty. 2004) ("Courts will most often find [a] defendant has made an 'informal appearance['] resulting in a waiver of jurisdiction when the defendant has taken steps indicative to a defense of the action on the merits."); *see also Taylor v. Taylor*, 64 A.D.2d 592, 592 (1st Dep't 1978) ("While it is true that the formal notice of appearance was not timely served, nonetheless it is equally true that, by actively litigating the issue of alimony and child support and submitting fully to the jurisdiction of the court, Raymond had made an informal appearance in the action and was therefore technically not in

default." (citations omitted)). While there is a colorable argument to be made that Plaintiff "informally appeared" in the state court action by filing his answer with the state court and mailing it to Navient directly, *see Meyer v. A & B Am., Ltd.*, 160 A.D.2d 688, 689 (2d Dep't 1990) (finding that while the defendants' "letter" to the plaintiff's attorney "did not constitute an answer, it was, nevertheless, an appearance and the defendant Kief's *pro se* attempt to participate in the action"); *Gen. Elec. Credit Corp. v. Zemrus*, 115 A.D.2d 953, 953 (4th Dep't 1985) ("Although defendant's letter may not be construed to be an answer to the complaint, it was, nonetheless, a *pro se* attempt to participate in the action and demonstrated a justifiable excuse for his default."), the Court need not determine whether Plaintiff informally appeared in order to resolve the pending motion.

Taking Plaintiff's allegations as true, Navient and the state court were in receipt of Plaintiff's *pro se* answer at the time Defendant requested that a default judgment be entered in its favor. (Dkt. 6-4 at 13; *see* Dkt. 1 at ¶ 12). Defendant's attorney affirmation did not represent a complete picture of the state court litigation up to that point, especially when viewed from the perspective of a *pro se* litigant. As such, viewing Plaintiff's allegations in the light most favorable to him, Plaintiff's complaint states a plausible claim for relief, but only if Defendant's purported misrepresentation was material. Even assuming that Defendant's attorney affirmation contained a "false or misleading" statement,[2] as discussed below, any such assertion was not material, and thus, is not actionable under the FDCPA.

---

[2] The Court notes that while Plaintiff argues that the attorney affirmation was "false and misleading" (Dkt. 8 at 7), Plaintiff's Complaint seems to allege only that Defendant's assertion was false (*see* Dkt. 1 at ¶¶ 21, 23). In support of its motion, Defendant does not distinguish between whether the affirmation was false or misleading, and instead simply

## D. Defendant's Attorney Affirmation did not Materially Alter the "Least Sophisticated Consumer's" Decision-Making Process

The Second Circuit has recently joined several other circuits in holding that "the least sophisticated consumer standard encompasses a materiality requirement; that is, statements must be materially false or misleading to be actionable under the FDCPA." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 85 (2d Cir. 2018) ("We cited this line of cases with approval in a summary order without explicitly deciding that § 1692e incorporates a materiality requirement. We reach that conclusion here, adopting the persuasive reasoning of these courts of appeals." (citation omitted)). While Defendant's attorney affirmation might not have been completely correct, Plaintiff has failed to plausibly allege that the imprecise language employed by Defendant constituted a *material* misrepresentation.

"The materiality inquiry focuses on whether the false statement would 'frustrate a consumer's ability to intelligently choose his or her response.'" *Cohen*, 897 F.3d at 86 (quoting *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)). "Although '[i]t is clear that Congress painted with a broad brush in the FDCPA[,]' not every technically false representation by a debt collector amounts to a violation of the FDCPA." *Gabriele*, 503 F. App'x at 94 (quoting *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22, 27 (2d Cir. 1989)); *accord Wahl*, 556 F.3d at 645-46 ("If a statement would not mislead

---

emphasizes its view that the affirmation was "technically correct." (*See* Dkt. 6; Dkt. 11). Because the attorney affirmation contained neither a *material* falsity nor a *material* misrepresentation—as discussed in greater detail below—whether or not the disputed assertion is characterized as a false statement or a misleading one is irrelevant to this Court's conclusion.

the unsophisticated consumer, it does not violate the FDCPA—even if it is false in some technical sense. For purposes of § 1692e, then, a statement isn't 'false' unless it would confuse the unsophisticated consumer."). Accordingly, "a false statement is only actionable under the FDCPA if it has the potential to affect the decision-making process of the least sophisticated [consumer]." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 421 (3d Cir. 2015).

Allegations of false or misleading submissions filed in support of a default judgment motion may plausibly state a claim for relief under the FDCPA. *See, e.g., Coble v. Cohen & Slamowitz, LLP*, 824 F. Supp. 2d 568, 570 (S.D.N.Y. 2011); *Hasbrouck v. Arrow Fin. Servs. LLC*, No. 1:09-CV-748 (GLS/RFT), 2010 WL 1257885, at *1-3 (N.D.N.Y. Mar. 26, 2010); *see also Gabriele*, 503 F. App'x at 95 ("[S]tatements made and actions taken in furtherance of a legal action are not, in and of themselves, exempt from liability under the FDCPA.").[3] However, Plaintiff fails to set forth factual allegations from which this Court

---

[3] In support of this proposition, *Gabriele* relies upon *Goldman v. Cohen*, 445 F.3d 152 (2d Cir. 2006), which held that a "debt collector's initiation of a lawsuit in state court seeking recovery of unpaid consumer debts is an 'initial communication' within the meaning of the FDCPA." *Id.* at 155. After *Goldman*, "Congress amended the FDCPA in 2006 to clarify that '[a] communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a) of this section.'" *Carlin v. Davidson Fink LLP*, 852 F.3d 207, 213 (2d Cir. 2017) (quoting 15 U.S.C. § 1692g(d)). By contrast, the alleged misrepresentation at issue here was asserted within an attorney affirmation in a state court action commenced against a *pro se* litigant. Since the Second Circuit has subsequently held that "debt collectors do not have immunity from FDCPA liability for their litigation conduct" if their "court filings 'routinely come to the consumer's attention and may affect his or her defense of a collection claim,'" *Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP*, 875 F.3d 128, 137 (2d Cir. 2017) (quoting *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818 (8th Cir. 2012)), the fact that § 1692g(d) superseded the Second Circuit's holding in *Goldman* does not impact this Court's analysis under the circumstances presented here.

could infer that Defendant "misled [him] regarding the nature or status of his debt or his ability to challenge the debt." *Lautman v. 2800 Coyle St. Owners Corp.*, No. 14-CV-1868 (ARR) (VVP), 2014 WL 4843947, at *11 (E.D.N.Y. Sept. 26, 2014). Instead, the statement asserted in Defendant's attorney affirmation was made in the context of state court litigation and related to Plaintiff's purported noncompliance with state court procedures. *See Gabriele*, 503 F. App'x at 95 (finding that the complaint failed to state FDCPA claim where the disputed "affidavits and motions were not misleading or deceptive as to the nature or legal status of [the plaintiff]'s debt, nor would they have prevented the least sophisticated consumer from responding to or disputing the action"); *Walsh v. Law Offices of Howard Lee Schiff, P.C.*, No. 3:11-CV-1111 SRU, 2012 WL 4372251, at *5 (D. Conn. Sept. 24, 2012) (dismissing the plaintiff's § 1692e claims because the plaintiff "failed to allege" how the purportedly wrongful statements "were materially false or misleading" where the "communications were directed at the court, rather than Walsh herself, and concerned procedural deficiencies during the course of litigation that bore no relation to the underlying debt"); *Klein v. Solomon & Solomon, P.C.*, No. 3:10CV1800 (WWE), 2011 WL 5354250, at *2 (D. Conn. Oct. 28, 2011) (granting a motion to dismiss where "the complaint describe[d] procedural defects in connection with state court litigation," but did "not contain any allegations of false representations that could be construed as material so as to mislead plaintiff in his repayment of or challenge to the debt"); *McAfee v. Law Firm of Forster & Garbus*, No. 06-CV-2925 NGG (LB), 2008 WL 3876079, at *5 (E.D.N.Y. Aug. 18, 2008) (granting summary judgment and dismissing the plaintiff's § 1692e cause

of action where "all of [the p]laintiff's claims relate solely to [the d]efendants' alleged improprieties in prosecuting a court action against him in state court").

To be sure, the Supreme Court has held that the FDCPA "applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Heintz v. Jenkins*, 514 U.S. 291, 299 (1995). "But the circuit courts have struggled to define the extent to which a debt collection lawyer's representations to the consumer's attorney or in court filings during the course of debt collection litigation can violate §§ 1692d-f." *Hemmingsen v. Messerli & Kramer, P.A.*, 674 F.3d 814, 818 (8th Cir. 2012). This may be explained, in part, by the fact that the FDCPA initially exempted "any attorney-at-law collecting a debt as an attorney on behalf of and in the name of a client" from the definition of a "debt collector." *See* Pub. L. 95–109 (HR 5294), § 803(6)(F), 91 Stat. 874, 875 (1977). "Congress in repealing the lawyer exemption did not modify the FDCPA's 'conduct-regulating provisions,' which may create anomalies demonstrating a need for 'additional, implicit, exception[s]' to implement 'the statute's apparent objective of preserving creditors' judicial remedies.'" *Hemmingsen*, 674 F.3d at 818 (quoting *Heintz*, 514 U.S. at 296-97).

The Second Circuit recently addressed a § 1692e claim based upon the assertion of allegedly false statements made in an attorney affirmation. *See Arias*, 875 F.3d at 137. The state court proceedings underlying the *Arias* decision involved the plaintiff's challenge to the defendant's attempt to garnish funds from his bank account that he contended were exempt from forcible collection. *Id.* at 133. The defendant objected to the plaintiff's claim of exemption, and filed a motion supported by an attorney affirmation "representing that

'[t]he commingling of personal funds with exempt funds transforms the opening balance into personal and non-exempt monies,' and that [the plaintiff] had 'not provide[d] the proper documentation in support of his Exemption Claim Form'. . . ." *Id.* The plaintiff claimed that "these representations were false and misleading and that [the defendant] had no good faith basis to object to his exemption claim because it knew, based on the bank statements he provided, that all of the funds in his account were exempt from garnishment." *Id.*

The Second Circuit rejected the defendant's position that FDCPA liability was inappropriate because the "affirmation [w]as 'legal advocacy made by counsel,'" and determined that the plaintiff had stated a claim under § 1692e. *See id.* at 136-37. The affirmation in *Arias* "concerned the applicable burden of proof and the substantive law regarding commingling of funds under" a New York statute intended to protect debtors from the garnishment of certain exempt funds; "issues that can reasonably be expected to affect how or even whether a consumer responds to a debt collector's objection to a claim that the restrained funds are exempt from garnishment." *Id.* at 137-38. Unlike the purported misrepresentation at issue here, the *Arias* defendant touched upon the merits of the state court proceedings, directly challenging the substance of the *pro se* consumer's opposition to the attempt at garnishing his bank account. Under those circumstances, the Second Circuit concluded that the procedures afforded by the state court were alone insufficient to protect the consumer from the complexities of "the law governing garnishment of bank accounts." *Id.* at 137.

Representations like those asserted in the *Arias* context are much more likely to "take advantage of a debtor's naivete or lack of legal acumen" than assertions pertaining to run-of-the-mill state court procedures used to effectuate service upon a party represented by counsel.[4] *See id.* at 136. Moreover, it would be logical to presume that state courts are particularly adept at determining whether a defendant has properly appeared pursuant to state court rules of procedure. *See Walsh*, 2012 WL 4372251, at *5 (noting that "the FDCPA's core purpose—protecting unsophisticated consumers from unscrupulous debt collectors—is not implicated by . . . pretrial proceedings in state court, a process that is already regulated by the court system and continually monitored by the presiding judge"). These reasons seem to explain why "courts in this Circuit have been reluctant to impose liability under the FDCPA for statements made by creditors' attorneys during the course of debt collection litigation." *Lautman*, 2014 WL 4843947, at *12; *see Gabriele*, 503 F. App'x at 96 n.1 (stating that "the protective purposes of the FDCPA typically are not implicated 'when a debtor is instead protected by the court system and its officers,'" and noting that "the state court's authority to discipline will usually be sufficient to protect putative-debtors . . . from legitimately abusive or harassing litigation conduct" (quoting *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010))); *see also Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, 1411 (2017) (holding that a debt collector's "filing of a proof of claim [in a bankruptcy proceeding] that on its face indicates that the limitations period has run" does not violate the FDCPA).

---

[4] Indeed, the summons filed in state court even instructed Plaintiff to serve his answer upon Defendant. (*See* Dkt. 6-4 at 2).

Plaintiff contends that the "least sophisticated consumer," in mounting a defense against a collection lawsuit, "would believe that he was responding to the lawsuit by filing his answer with the court and mailing a copy of the answer to the defendant," and "would further believe it to be false and misleading for Defendant to state that he had not responded to the lawsuit." (Dkt. 8 at 6-7). The Court is reluctant to presume that the "least sophisticated consumer" is ignorant of state court service procedures where *every pro se* litigant appearing before this Court is required to "become familiar with, follow, and comply with the Federal Rules of Civil Procedure and the Local Rules of Civil Procedure." L.R. Civ. P. 5.2(i). Nonetheless, assuming this hypothetical consumer would find Defendant's representation that no answer had been filed to be false or misleading, Plaintiff has failed to allege or otherwise contend that any such falsity could mislead the least sophisticated consumer "as to the nature and legal status of the underlying debt" or "could impede [the] consumer's ability to respond to or dispute collection." *Gabriele*, 503 F. App'x at 94.

Defendant may have filed its motion for default judgment upon the mistaken belief that Plaintiff failed to sufficiently effectuate service process, but this in no way prevented Plaintiff from defending against this assumption. Since the "least sophisticated consumer" is "neither irrational nor a dolt," *Ellis*, 591 F.3d at 135, the Court rejects the notion that this hypothetical consumer, naïve as he or she may be, would somehow be misled into believing that he or she did not respond to the summons and complaint after having just filed and mailed an answer weeks earlier, *see Gabriele*, 503 F. App'x at 95 (noting that the least sophisticated consumer would not be misled into "believing . . . that he had not filed

counterclaims that he had filed three months before" by an affidavit "incorrectly representing that there were no . . . counterclaims"); *Walsh*, 2012 WL 4372251, at *4-5 (assuming that the defendant's motion to strike "falsely claimed that defendants never received requests for admissions and that notice of service was improperly filed[,] . . . nowhere does [the plaintiff] assert that these statements caused her any confusion about the validity or amount of the debt or otherwise impeded her ability to pay or challenge it"). In fact, Plaintiff *did* challenge the default judgment entered against him, and successfully had it vacated. (Dkt. 6-4 at 14-17; Dkt. 8 at 3). Plaintiff was not misled by Defendant's attorney affirmation, and neither would the "least sophisticated consumer" be so deceived. *See Donohue*, 592 F.3d at 1034 ("In assessing FDCPA liability, we are not concerned with mere technical falsehoods that mislead no one. . . ."). Furthermore, the fact that the default judgment was ultimately vacated is not evidence that Defendant's attorney affirmation was materially false or misleading. *See Hemmingsen*, 674 F.3d at 818 (stating that just because "a state court judge rejected the contention" set forth in the defendant's summary judgment papers "does not prove that those assertions were false or misleading for purposes of § 1692e"); *see also Gabriele*, 503 F. App'x at 95 (noting that "the FDCPA does not guarantee consumers an efficient or thrifty resolution of their putative debt"); *Walsh*, 2012 WL 4372251, at *5 ("Even if [the plaintiff] was forced to incur unnecessary attorneys' fees and other costs to respond to [the] defendants' frivolous motions or meritless objections, state court procedures provide the appropriate recourse for such bad faith conduct: sanctions in the form of attorneys' fees.").

At base level, Plaintiff's claim for FDCPA relief is premised upon the notion that Defendant's improper advocacy persuaded the state court that he had failed to appear or answer in that action and resulted in a default judgment being rendered against him. Although FDCPA defendants may not avoid liability by couching false or misleading statements made in furtherance of a legal action as mere legal advocacy, *see Arias*, 875 F.3d at 137, where a plaintiff "could have, and did, seek redress through the [state] court system," the exigency to effectuate the FDCPA's purpose of protecting unsophisticated consumers is not nearly so substantial, *Lautman*, 2014 WL 4843947, at *12; *see Walsh*, 2012 WL 4372251, at *5 ("Because litigants in state court already enjoy myriad procedural and substantive protections from fraudulent and deceptive practices, resort to the FDCPA is unnecessary."). Under the circumstances presented, Plaintiff's successful vacatur of the default judgment demonstrates that resort to the state court to redress any confusion with or misinterpretation of state court service procedures was imminently more appropriate than the relief he now seeks under a federal consumer protection statute. *See generally Hemmingsen*, 674 F.3d at 818 ("The rule [the plaintiff] urges—that a debt collector's fact allegations are false and misleading for purposes of § 1692e when rejected as not adequately supported in the collection suit—would be contrary to the FDCPA's 'apparent objective of preserving creditors' judicial remedies.'" (quoting *Heintz*, 514 U.S. at 296)). In this case, Plaintiff was "protected by the court system and its officers." *Simmons*, 622 F.3d at 96; *see Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp. 2d 311, 328 (D. Conn. 2012) (questioning whether compliance "with the rules of practice and procedure in Superior Court could form the basis of a violation of the FDCPA" and noting that an

attorney who "abuses the judicial process or otherwise fails to fulfill her or his professional responsibility" is subject to disciplinary proceedings).

Therefore, since "[t]he misrepresentations at issue concerned assertions made during pretrial proceedings in an adversarial system," *Walsh*, 2012 WL 4372251, at *6, and because Defendant's attorney affirmation was not materially "misleading or deceptive as to the nature or legal status" of Plaintiff's debt, nor would it "have prevented the least sophisticated consumer from responding to or disputing the action," *Gabriele*, 503 F. App'x at 95, Plaintiff's § 1692e claim is dismissed.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for judgment on the pleadings (Dkt. 6) is granted. The Clerk of Court is directed to close this case.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: February 11, 2019
Rochester, New York